[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10991
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-23120-JLK

ALEXIA FODERE,

Plaintiff - Appellant,

versus

PABLO LORENZO,
COMPACSTONE USA, INC.,
a Florida corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 27, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal concerns the propriety of the district court's grant of summary judgment in favor of the defendants. Defendant Pablo Lorenzo was a salesman employed by defendant Compacstone, a company that sells marble and quartz to be installed in homes. Plaintiff Alexia Fodere is a professional photographer who brought a copyright infringement action against the defendants. She alleged that they used the "Orange Kitchen" photograph she sold them for $600.00 for advertising, without her permission. The summary judgment was based on a finding that the defendants met their burden of establishing as an affirmative defense that the parties had an oral agreement granting the defendants an exclusive license to use the photograph for advertising.

The district court's grant of summary judgment is reviewed *de novo*, "construing all evidence in the light most favorable to the non-moving party." *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1314 (11th Cir. 2010) (internal quotation marks omitted). Summary judgment is appropriate when the record, taken as a whole, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56 (a).

Having carefully reviewed and considered the briefs and relevant parts of the record, we conclude that summary judgment was proper. Although Fodere

2

claims that the photograph she sold the defendants was intended to be used only for "public relations, website, [and] collateral usage," we agree with the district court that the "ambiguous" statements in Fodere's deposition are insufficient to create a genuine issue of material fact as to whether the defendants were entitled to use the Orange Kitchen photograph for advertising purposes.

**AFFIRMED.**